**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

ANGELA MORRIS, *individually and on behalf of all others similarly situated*,

Plaintiff,

v. Case No.

VANDERBILT MORTGAGE AND FINANCE, INC.,

Defendant.
_______________________________________/

**FLSA COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT (FLSA)**

Plaintiff Angela Morris, individually and on behalf of all other similarly situated persons who file written consents to join this action, sue Defendant, Vanderbilt Mortgage and Finance, Inc. ("Vanderbilt" or "Defendant") for willful failure to pay overtime wages in a scheme to violation the Fair Labor Standards Act, and herein alleges and says:

## PARTIES

1. Plaintiff Angela Morris is an adult resident of Powder Springs, Georgia.

2. From approximately August 26, 2023, through June 18, 2026, Plaintiff worked remotely from her home in Powder Springs, Georgia, as a salaried underwriter for Silverton Mortgage, an operation doing business as or under the control of Defendant Vanderbilt.

3. Plaintiff's employment ended after Vanderbilt accepted her resignation, effective June 18, 2026.

4. At all material times, Plaintiff was an "employee" within the meaning of the Fair Labor Standards Act ("FLSA").

5. Defendant Vanderbilt Mortgage and Finance, Inc. is a corporation organized under the laws of Tennessee, with its principal place of business in Maryville, Tennessee.

6. Vanderbilt did business under the assumed name Silverton Mortgage and employed Plaintiff in the salaried underwriter position for Silverton Mortgage and later as Vanderbilt Mortgage and Finance Inc.

7. At all material times, Defendant Vanderbilt was Plaintiff's employer within the meaning of the FLSA because it controlled, directly or indirectly, the terms, conditions, compensation, and work performed by Plaintiff.

8. At all material times, Vanderbilt was an enterprise engaged in commerce or in the production of goods for commerce and had annual gross sales or business volume exceeding $500,000.

## JURISDICTION AND VENUE

9. This Court has subject-matter jurisdiction because this action arises under the laws of the United States. 28 USCS § 1331.

10. This Court has subject-matter jurisdiction over Plaintiff's FLSA claim for unpaid overtime compensation and related relief. 29 USCS § 216 (2023).

11. This Court has personal jurisdiction over Vanderbilt because Vanderbilt transacted business in Georgia, employed Plaintiff to perform work remotely in this District, and caused the wage-and-hour injuries alleged herein in this District. O.C.G.A. § 9-10-91. Upon information and belief and from other claims filed in this State, Defendant has employed and continues to employ persons in this state.

12. Venue is proper in this District because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District, including Plaintiff's performance of work from her home in Powder Springs, Georgia. 28 USCS § 1391.

## **FACTUAL ALLEGATIONS**

13. Plaintiff was hired on or about August 26, 2023, by Silverton Mortgage, a Georgia dissolved corporation, as a salaried exempt underwriter IV. Defendant either fully purchased Silverton or dissolved and assumed its business under its own name or otherwise merged its business. Regardless, Plaintiff continued to work for Defendant without interruption nor any full and transparent disclosure by Defendant as to the transaction involved in how she continued her work under the Defendants name.

14. Plaintiff performed her underwriter work remotely from her home in Powder Springs, Georgia until her separation from employment in June, 2026.

15. Plaintiff was paid on a salary basis and was not paid overtime compensation for work performed in excess of forty hours in a workweek.

16. Plaintiff's primary duties involved reviewing and processing mortgage-loan files and applications through Vanderbilt's Open-Close system.

17. Plaintiff did not supervise two or more full-time employees, hire employees, fire employees, discipline employees, or make recommendations concerning changes in other employees' employment status.

18. Plaintiff performed her work under Vanderbilt's established underwriting procedures, policies, systems, and production expectations.

19. Plaintiff's primary duty was not the management of Vanderbilt or of a recognized department or subdivision of Vanderbilt.

20. Plaintiff's primary duty was not directly related to Vanderbilt's management or general business operations.

21. Plaintiff's primary duty did not include the exercise of discretion and independent judgment with respect to matters of significance; Plaintiff was required to follow standardized procedures and protocols and manuals,

designed to streamline the work of underwriters and remove any independent discretion and judgment.

22. Vanderbilt classified Plaintiff as a salaried employee exempt from overtime compensation and provided her and other underwriters with incentive pay and compensation.

23. During her employment, Plaintiff found it necessary and required to routinely work more than forty hours in each workweek in order to keep up with job duties and responsibilities.

24. Plaintiff, like all other salaried exempt underwriters, she was not paid any premium compensation for the overtime hours worked and was advised by Defendant that she was exempt from overtime pay.

25. Plaintiff estimates that she worked approximately ten to fifteen hours beyond forty hours per week on average during her employment and that Defendant knew she worked these overtime hours.

26. Plaintiff regularly performed work before her scheduled shift, after her scheduled shift, during meal periods, and on weekends.

27. Plaintiff did not receive overtime pay for those additional hours because she was classified as exempt.

28. Defendant both encouraged the overtime hours and expected and required underwriters to work more than 40 hours and to do all that was necessary to keep up with work assigned and performance requirements.

29. Vanderbilt did not require Plaintiff to clock in or clock out, submit daily time records, or otherwise report each minute she worked.

30. Vanderbilt's electronic systems, including Open Close, maintained information showing when Plaintiff reviewed loans and performed work.

31. Vanderbilt's managers and supervisors knew or had reason to know that Plaintiff was working longer hours and beyond forty hours in workweeks.

32. Plaintiff is informed and believes that almost all other salaried underwriters similarly worked overtime hours without receiving overtime compensation.

33. Plaintiff brings this action on behalf of herself, and all similarly situated persons who were employed by Vanderbilt as salaried underwriters at any time during the three years preceding the filing of this Complaint through the date of trial and who file written consents to join this action.

34. The proposed collective is defined as follows:

**All persons employed by Vanderbilt Mortgage and Finance, Inc., including under its Silverton Mortgage assumed name or operation, as salaried underwriters at any time during the three years preceding the filing of this Complaint through the date of trial, who file written consents to join this action.**

35. Plaintiff and the collective members were subject to Vanderbilt's common policy and practice of classifying salaried underwriters as exempt from overtime compensation.

36. Plaintiff and the collective members performed materially similar mortgage-underwriting duties under Vanderbilt's common policies, procedures, work systems, management structure, and production expectations.

37. Plaintiff and the collective members were paid under a common salary-based compensation structure and were denied overtime premiums for hours worked in excess of forty in a workweek.

38. Plaintiff and the collective members were not required to record all hours worked through a timekeeping system, although Vanderbilt possessed or controlled electronic information bearing on the work they performed.

39. Vanderbilt knew or should have known that salaried underwriters worked overtime hours to perform assigned underwriting work and meet Vanderbilt's work expectations.

40. Vanderbilt nevertheless failed to pay Plaintiff and similarly situated salaried underwriters overtime premiums for all hours worked in excess of forty in a workweek.

41. Vanderbilt's classification and pay practices were willful because Vanderbilt knew or recklessly disregarded that salaried underwriters worked overtime while classified as exempt and without overtime compensation.

42. Vanderbilt's prior operation of Silverton Mortgage and prior wage-and-hour allegations concerning underwriter overtime practices placed Vanderbilt on notice of FLSA overtime-compliance concerns affecting salaried underwriters.

43. Notwithstanding that notice, Vanderbilt continued to classify salaried underwriters as exempt and to deny overtime compensation to Plaintiff and other similarly situated underwriters.

44. Plaintiff is similarly situated to the collective members because she performed salaried mortgage-underwriting work for Vanderbilt, was treated as exempt from overtime, worked more than forty hours in workweeks, and was not paid overtime compensation.

45. Plaintiff is willing to represent the interests of the collective and to participate in this litigation on behalf of similarly situated salaried underwriters.

46. Conditional certification of the collective, issuance of Court-authorized notice, and an opportunity for similarly situated employees to opt into this

action are appropriate because Plaintiff and the collective members were subject to a common classification and compensation practice.

## COUNT I — VIOLATION OF THE FLSA OVERTIME PROVISIONS

47. Plaintiff incorporates by reference Paragraphs 1 through 46 as though fully set forth herein.

48. The FLSA prohibits an employer from employing a covered employee for more than forty hours in a workweek unless the employee receives compensation for those excess hours at a rate not less than one and one-half times the employee's regular rate. 29 USCS § 207 (2022).

49. Plaintiff and the collective members were covered employees under the FLSA.

50. Vanderbilt was Plaintiff's and the collective members' employer under the FLSA.

51. Plaintiff and the collective members worked more than forty hours in one or more workweeks.

52. Vanderbilt failed to compensate Plaintiff and the collective members at a rate of at least one and one-half times their regular rates for all hours worked in excess of forty in a workweek.

53. Vanderbilt's failure to pay overtime compensation resulted from its policy and practice of classifying salaried underwriters as exempt from overtime compensation.

54. Plaintiff and the collective members were not exempt from the FLSA's overtime requirements.

55. In the case of *Watts v. Silverton Mortg. Specialists, Inc.,* 378 F. Supp. 3d 1164, this court addressed whether a Silverton Mortgage residential mortgage loan underwriter was exempt from the overtime requirements of the Fair Labor Standards Act (FLSA) and whether genuine disputes of material fact precluded summary judgment on the plaintiff's unpaid overtime claims *Watts v. Silverton Mortg. Specialists, Inc.*, 378 F. Supp. 3d 1164. The court granted the plaintiff's motion for partial summary judgment, ruling that the underwriting position was non-exempt under the FLSA, and denied the employer's motion for summary judgment, leaving the issues of unpaid hours and employer knowledge for a jury to decide *Watts v. Silverton Mortg. Specialists, Inc.*, 378 F. Supp. 3d 1164.

56. Defendant Silverton eventually settled with Watts.

57. Additionally, Defendant was sued by underwriter Crawley in this district in an identical action. Crawley v. Vanderbilt Mortgage and Finance Inc., case no 1:122-CV- 01820. Upon information and belief defendant settled

with Crawley but made no changes in its pay practices of misclassifying underwriters as exempt from overtime pay.

58. Vanderbilt's violations were willful and not undertaken in good faith and despite these prior cases, Defendant continued to classify Plaintiff and all other underwriters similarly situated as exempt from overtime pay.

59. Defendant has maintained a longstanding scheme to evade the overtime pay requirements of the FLSA.

60. Plaintiff's work was production as she and all other underwriters are primarily involved in producing the goods and services which constitute the Defendant's business marketplace offerings as opposed to being engaged in running its business.

61. As a direct and proximate result of Vanderbilt's willful violations of the FLSA, Plaintiff and the collective members have suffered damages in an amount to be established through discovery and at trial.

62. Plaintiff and each collective member who files a written consent to join this action are entitled to recover unpaid overtime compensation, an additional equal amount as liquidated damages, reasonable attorney's fees, and costs of the action. 29 USCS § 216 (2023).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Angela Morris, individually and on behalf of all similarly situated persons who join this action, respectfully requests that this Court enter judgment in her favor and grant the following relief:

A. Conditionally certify this case as a collective action under the FLSA on behalf of the proposed collective defined in Paragraph 34;

B. Authorize Plaintiff to issue Court-approved notice of this action to all persons within the proposed collective and permit such persons a reasonable opportunity to file written consents to join this action;

C. Declare that Vanderbilt willfully violated the FLSA by failing to pay Plaintiff and similarly situated salaried underwriters overtime compensation for hours worked in excess of forty in a workweek;

D. Declare that Vanderbilt's violations of the FLSA were willful and approve and apply a 3- year statute of limitations;

E. Award Plaintiff and all collective members who opt into this action unpaid overtime compensation for all hours worked in excess of forty in a workweek during the applicable limitations period;

F. Award Plaintiff and all collective members who opt into this action liquidated damages in an amount equal to their unpaid overtime compensation. 29 USCS § 216 (2023).

G. Award Plaintiff and all collective members who opt into this action reasonable attorney's fees and costs of this action. 29 USCS § 216 (2023).

H. Award pre-judgment interest to the extent permitted by law, post-judgment interest, and all other relief to which Plaintiff and the collective members are entitled; and

I. Grant such other and further legal or equitable relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 16th day of September 2026.

*/s/Mitchell L. Feldman, Esq.*
**Mitchell L. Feldman, Esq.**
Georgia Bar No.: 257791
Feldman Legal Group
1201 Peachtree Street NE
Atlanta, Georgia 30361
(P) 813-639-9366
(F) 813-639-9376
mfeldman@flandgatrialattorneys.com
mail@feldmanlegal.us
*Lead Attorney for Plaintiff and class of similarly situated*